IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00892-PSF-PAC

ESTELLA M. REMINGTON,

    Plaintiff,

v.

WALGREEN CO., an Illinois corporation; and
MERCK AND COMPANY, INC., a New Jersey corporation,

    Defendants.

_____

**ORDER SEPARATING CLAIMS AND SETTING
RULE 16 PRETRIAL SCHEDULING CONFERENCE**
_____

    THIS MATTER is before the Court on Defendant Walgreen Co.'s Amended Motion to Separate Claims Under F.R.C.P. 42(b) (Dkt. # 20) and Second Amended Motion to Separate Claims Under F.R.C.P. Rules 20, 21 (Dkt. # 22). On July 1, 2005, the Judicial Panel on Multidistrict Litigation handling the *In re VIOXX Products Liability Litigation* conditionally transferred this action to the United States District Court for the Eastern District of Louisiana. The conditional certification will become effective when filed in the office of the clerk of that district in fifteen days if no party files a notice of opposition thereto. *See* Docket No. 1657 Conditional Transfer Order (CTO-15).

    At a status conference held on July 7, 2005, all parties indicated agreement that plaintiff's claims against Defendants Walgreen Co. should be tried in this Court and separated from her claim against Defendant Merck and Company, Inc., which will be transferred to the Eastern District of Louisiana. On July 14, 2005, the parties confirmed

their position in writing by filing a "Joint Stipulation of All Parties to Separate Claims Under Fed. R. Civ. P. 20, 21." In it they point out that the deadline for opposing the transfer of the case pursuant to the July 1, 2005 transfer order is July 18, 2005. Joint Stipulation at 2, ¶ 5. They further note that in the meantime this Court retains jurisdiction to separate claims pursuant to Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407.

The Court essentially agrees that Rule 1.5 "does not in any way limit the pretrial jurisdiction of" this Court pending a conditional transfer order. "[A] conditional transfer order is simply an administrative act by the clerk . . . ." 15 C. Wright & A. Miller, Federal Practice and Procedure § 3865 at 581 (2d ed. 1995). Until a conditional certification becomes effective, the transferor court retains jurisdiction over an underlying action to rule on matters properly presented to it for decision. *In re Four Seasons Securities Laws Litigation*, 362 F. Supp. 574, 575 n.2 (J.P.M.L. 1973) (during the pendency of a motion for transfer the court in which the action was filed retains jurisdiction over the case). Thus, it appears that this Court retains jurisdiction over this action until such time as the transfer occurs and becomes unconditional. Therefore, the Court may now properly rule on the pending motions to separate.

The Court finds that the negligence claim Plaintiff Estella Remington asserts against Defendant Walgreen Co. is essentially distinct from the products liability and negligence claims she asserts against Defendant Merck and Company, Inc. There is no question of law or fact that is particularly common to the claims, nor do they arise out of the same fact pattern for determining liability. All parties implicitly if not explicitly

acknowledge this finding, as evidenced in their stipulation pursuant to F.R.Civ.P. 20 and 21 that the claims should be separated.

Therefore, the Court hereby separates the negligence claim asserted against Walgreen Co. from the products liability and negligence claims asserted against Merck and Company, Inc. pursuant to F.R.Civ.P. 20 and 21. "The court . . . may order separate trials or make other orders to prevent delay or prejudice." F.R.Civ.P. 20(b). "Any claim against a party may be severed and proceeded with separately." F.R.Civ.P. 21. The claim against Merck remains subject to the conditional transfer order. Defendant Walgreen Co.'s Second Amended Motion to Separate Claims under F.R.C.P. Rules 20, 21 (Dkt. # 22) is GRANTED. Its Amended Motion to Separate Claims Under F.R.C.P. 42(b) (Dkt. # 20) is DENIED as moot.

IT IS HEREBY ORDERED that counsel for plaintiff and Defendant Walgreen Co. shall appear for a scheduling conference before the undersigned on **Thursday, August 11, 2005, at 10:00 a.m.**, in Courtroom A-602 of the United States District Court for the District of Colorado, Sixth Floor, of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. It is

FURTHER ORDERED that counsel shall confer and prepare a Proposed Joint Scheduling Order pursuant to the Court's local rules that is due to the Court **at least five days before the Scheduling Conference.**

DATED: July 15, 2005

BY THE COURT:

s/ Phillip S. Figa

_____

4

Phillip S. Figa
United States District Judge

4